This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jennifer L. Husein, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
 I.
On January 5, 1970, Taleb and Fatima Husein were married in Ramallah, Israel. In September of that year, they moved to the United States. During the course of their marriage, Fatima and Taleb had three children, Amgad Husein being their older of two sons. In August of 1992, Taleb attempted to divorce Fatima while he was in Israel; however, the divorce was later found to be invalid. See Husein v. Husein (July 23, 2001), Fifth Dist. No. 2001CA00015. On February 14, 1995, Taleb married Jennifer. That marriage, however, was invalid, as Taleb and Fatima remained married, unbeknown to the parties involved.
During their marriage and after the attempted divorce, Taleb and Fatima owned real property located at 531 Northwest Avenue, City of Tallmadge, County of Summit, State of Ohio ("the Tallmadge property"). On August 28, 1995, Taleb and Fatima were found to be delinquent on their income taxes, prompting the Internal Revenue Service to initiate collection proceedings against them, including the imposition of a tax lien on the Tallmadge property on July 1, 1996.
On June 7, 1996, Taleb and Jennifer applied for a loan with Greentree Financial Servicing, n.k.a. Conseco Financial Services Corporation, ("Conseco"), listing the Tallmadge property as an asset. Shortly thereafter, Taleb and Fatima transferred each of their half interests in the Tallmadge property to their son Amgad by two quitclaim deeds; one of the deeds was signed by Taleb and Jennifer[1] and the other was signed by Fatima.
A few months after the quitclaim deeds were recorded, Conseco approved the loan to Taleb and Jennifer; both signed the formal loan application, the open-end mortgage agreement, and the settlement statement on October 15, 1996. The loan in the amount of $50,000 was secured with a mortgage on the Tallmadge property, even though the Tallmadge property had already been conveyed by quitclaim deed to Amgad. Taleb made his monthly payments on the loan until his death in April 2000.
On July 19, 2000, Conseco brought an action under the Uniform Fraudulent Transfer Act against Jennifer Husein, Fatima Husein, Amgad Husein, Taleb Husein, and others. Later, the Estate of Taleb Husein was substituted for Taleb Husein as a defendant. On September 7, 2000, Jennifer filed an answer in which she asserted as an affirmative defense, inter alia, that Conseco's claim was barred by the statute of limitations. In his answer, Amgad filed a crossclaim against Jennifer in which he sought indemnification or contribution in the event that Conseco prevailed on its fraudulent transfer claim.
A bench trial was held, commencing on August 27, 2001. At the close of trial, the trial court requested that the parties submit post-trial briefs with proposed findings of fact and conclusions of law. The parties filed these briefs. In Jennifer's brief, she raised the affirmative defense that the action was barred by the statute of limitations contained in R.C. 1336.09. Subsequently, on September 14, 2001, the trial court issued findings of fact and conclusions of law, holding that the transfer of the Tallmadge property to Amgad constituted a fraudulent transfer. The trial court, therefore, granted an attachment against the Tallmadge property, encumbered it with the debt in the amount of $50,000, and placed a lien on the property. Regarding Amgad's crossclaim against Jennifer for contribution or indemnification, the trial court ordered Jennifer to pay Amgad $50,000 after the debt was paid from the sale of the Tallmadge property or otherwise satisfied. The trial court deemed any other result to be inequitable. This appeal followed.[2]
 II.
Jennifer asserts five assignments of error for review. We will discuss each in due course, consolidating the second and fourth assignments of error to facilitate review.
 A. First Assignment of Error "THE TRIAL COURT'S JUDGMENT THAT ON THE 15TH DAY OF JUNE, 1996, TALEB AND JENNIFER HUSEIN QUIT-CLAIMED ALL THEIR INTEREST IN THE REAL PROPERTY KNOWN AS 531 NORTHWEST AVENUE, TALLMADGE, OHIO, TO AMGAD HUSEIN, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
In her first assignment of error, Jennifer avers that the trial court's determination that Taleb and Jennifer had quitclaimed all their interest in the Tallmadge property to Amgad was against the manifest weight of the evidence and contrary to law. Specifically, she argues that the evidence adduced at trial showed that the aforementioned quitclaim deed was defectively executed in contravention of R.C. 5301.01, as one of the witnesses, Abdelrhman Abdelqader, did not see Taleb sign the deed. The argument follows that, if the deed was defectively executed, there was no "transfer" within the meaning of R.C. 1336.01 et seq., and, therefore, there could be no fraudulent transfer under the statute. Additionally, Jennifer contends that the deed is invalid because the evidence demonstrated that Amgad gave no consideration for the conveyance.
Pursuant to App.R. 9(B), it is the appellant's duty "to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which [the appellant] seeks review." Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19; Loc.R. 5(A). Although App.R. 9(B) permits an appellant to rely on a partial transcript of proceedings, an appellant may do so only if an error was confined to a specific portion of the proceedings before the trial court. However, when an appellant claims that the trial court's judgment was against the weight of the evidence or unsupported by the evidence, the appellant must include in the record all portions of the proceedings during which such evidence may have been presented. See Hartt v. Munobe
(1993), 67 Ohio St.3d 3, 7-8. App.R. 9(B) explicitly provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." An appellant may not shift the burden of supplying the appellate court with the portions of the record necessary for the resolution of the appellant's assignments of error onto the appellee "by filing only portions of the trial record and claiming an insufficiency on some issue." Hartt, 67 Ohio St.3d at 7. In the absence of those portions of the record necessary for the resolution of assigned errors, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
In this assignment of error, Jennifer essentially asserts that the trial court's determination that she and Taleb had quitclaimed all of their interest in the Tallmadge property to Amgad was against the manifest weight of the evidence; however, Jennifer has had only the trial testimony of certain witnesses transcribed and included in the record on appeal. As previously discussed, when an appellant claims that the trial court judgment was against the weight of the evidence, the appellant must include in the record all portions of the proceedings during which such evidence may have been presented. See Hartt, 67 Ohio St.3d at 7. Jennifer has not done so. Accordingly, as Jennifer has failed to supply this court with all relevant portions of the transcript relating to this assignment of error, this court must presume the validity of the trial court's judgment on this issue.[3] See Knapp, supra. Jennifer's first assignment of error is overruled.
 B. Second Assignment of Error "THE JUDGMENT OF THE TRIAL COURT THAT THE JUNE 15, 1996 DEED FROM TALEB AND JENNIFER HUSEIN TO AMGAD HUSEIN CONSTITUTED A FRAUDULENT CONVEYANCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
 Fourth Assignment of Error "THE TRIAL COURT'S IMPOSITION OF A LIEN ON THE PROPERTY KNOWN AS 531 NORTHWEST AVENUE, TALLMADGE, OHIO, PURSUANT TO R.C. 1336.07 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
In her second assignment of error, Jennifer contends that the trial court's determination that Taleb and Jennifer's quitclaim deed constituted a fraudulent transfer, pursuant to R.C. 1336.01 et seq., was against the manifest weight of the evidence and contrary to law because such cause of action was barred by the statute of limitations set forth in R.C. 1336.09(A). In her fourth assignment of error, Jennifer further asserts that, if this court sustains her second assignment of error, then the imposition of the lien on the Tallmadge property, pursuant to R.C.1336.07, is against the manifest weight of the evidence and contrary to law. We disagree.
In her second assignment of error, Jennifer argues that the trial court's determination that Taleb and Jennifer's deed conveying the Tallmadge property to Amgad constituted a fraudulent transfer was against the manifest weight of the evidence and contrary to law, as such cause of action was barred by the statute of limitations set forth in R.C.1336.09(A). As noted above, because Jennifer is asserting that the trial court's judgment was against the weight of the evidence, she was required to include in the record all portions of the proceedings during which such evidence may have been presented. See Hartt, 67 Ohio St.3d at 7. Although the quitclaim deed at issue herein was entered into evidence as a joint exhibit at trial, Jennifer has nevertheless failed to supply this court with all portions of the trial court record, during which testimony regarding the dates and circumstances of the execution and recording of the deed may have been presented; consequently, this court must presume the validity of the trial court's judgment on this issue. See Knapp, supra. Jennifer's second assignment of error is overruled.
In her fourth assignment of error, Jennifer avers that, if this court sustains her second assignment of error, this court must necessarily find that the imposition of the lien on the Tallmadge property, pursuant to R.C. 1336.07, is against the manifest weight of the evidence and contrary to law. Jennifer's fourth assignment of error, therefore, is predicated upon this court sustaining her second assignment of error. As this court has overruled her second assignment of error, her fourth assignment of error is likewise overruled.
 C. Third Assignment of Error "THE TRIAL COURT'S JUDGMENT THAT AMGAD HUSEIN SHOULD BE INDEMNIFIED IN THE AMOUNT OF $50,000.00 BY JENNIFER HUSEIN IS INEQUITABLE AND IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
In her third assignment of error, Jennifer has argued that the trial court's decision to indemnify Amgad was contrary to law on the basis that the trial court's finding that there was a fraudulent transfer is inconsistent with its determination that Amgad holds title to the Tallmadge property. Additionally, Jennifer sets forth several arguments in which she challenges, inter alia, the equity of the trial court's decision ordering her to reimburse Amgad in the amount of $50,000, as being against the manifest weight of the evidence. We disagree.
First, Jennifer contends that the trial court's decision to indemnify Amgad was contrary to law because the trial court's ruling that there was a fraudulent transfer was inconsistent with its determination that Amgad holds title to the Tallmadge property. However, as a trial court is not required to void the transfer at issue upon finding a fraudulent transfer, Jennifer's argument is without merit. See R.C. 1336.07.
R.C. 1336.07 sets forth the remedies a creditor may obtain in an action for relief arising out of a fraudulent transfer under R.C. 1336.04 or 1336.05. Subject to the limitations of R.C. 1336.08, a creditor may obtain, one of the following:
 "(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the claim of the creditor;
 "(2) An attachment or garnishment against the asset transferred or other property of the transferee in accordance with Chapters 2715. and 2716. of the Revised Code;
 "(3) Subject to the applicable principles of equity and in accordance with the Rules of Civil Procedure, any of the following
 "(a) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
 "(b) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee;
 "(c) Any other relief that the circumstances may require."
R.C. 1336.07; see, also, Lesick v. Medgroup Mgt., Inc., (Oct. 29, 1999), 1st Dist. Nos. C-990097 C-990100.
In the present case, the trial court chose not to void the transfer of the Tallmadge property to Amgad, pursuant to R.C. 1336.07(A)(1); rather, the trial court attached the Tallmadge property and "encumber[ed] it with the debt in the amount of $50,000.00, which lien shall attach on the [Tallmadge property.]"[4] Therefore, contrary to Jennifer's assertion, the trial court's finding of a fraudulent transfer was not inconsistent with its determination that Amgad held title to the Tallmadge property.
Jennifer's remaining arguments raised in her third assignment of error are fact intensive. She has argued that the trial court's decision ordering her to pay Amgad $50,000 was inequitable and unsupported by the evidence. Her other arguments regarding the trial court's conclusion similarly require a review of the evidence presented at trial. As Jennifer has failed to supply this court will all portions of the record in which evidence relating to these arguments may have been adduced, this court must presume the validity of the trial court's ruling. Jennifer's third assignment of error is overruled. See Knapp, supra.
 D. Fifth Assignment of Error "THE UNDISPUTED EVIDENCE BEFORE THE TRIAL COURT REQUIRED THAT THE COURT IMPOSE AN EQUITABLE MORTGAGE ON THE REAL PROPERTY KNOWN AS 531 NORTHWEST AVENUE, TALLMADGE, OHIO."
In her fifth assignment of error, Jennifer asserts that the trial court should have imposed an equitable mortgage on the Tallmadge property in favor of Conseco. Our disposition of Jennifer's other assignments of error, however, has rendered her fifth assignment of error moot; therefore, we decline to address it. See App.R. 12(A)(1)(c).
 III.
Appellant's first through fourth assignments of error are overruled. Her fifth assignment of error has been rendered moot. See App.R. 12(A)(1)(c). Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P. J., CARR, J. CONCUR.
[1] Jennifer's signature appears on the deed to release her purported dower rights, as she and Taleb believed they were married.
[2] Fatima has not appealed the trial court's finding that the transfer of her half of the property constituted a fraudulent transfer.
[3] We note that, on February 27, 2002, this court denied a motion to dismiss the appeal filed by Fatima and Amgad, which was based upon Jennifer's decision to file only a partial transcript of proceedings with this court. An outright dismissal of the appeal prior to hearing oral arguments and reviewing the appellate record would have been improper. The denial of the motion is, therefore, not inconsistent with this court's ruling.
[4] In its judgment entry, the trial court did not specify upon which part of R.C. 1336.07 it based its ruling.